```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-31-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL C. BROWN, M.D.,

       Plaintiff,

   - against -

PAUL C. HENDLER,

       Defendant.

MEMORANDUM
OPINION & ORDER

09 Civ. 4486 (RLE)

RONALD L. ELLIS, United States Magistrate Judge:

## I. INTRODUCTION

Before the Court is Plaintiff Paul C. Brown's motion to hold Defendant Paul C. Hendler in contempt for his failure to respond to a post-judgment subpoena, and Hendler's cross-motion to quash the subpoena and to sanction Brown's attorney. For the reasons that follow, Brown's contempt motion and Hendler's sanctions cross-motion are **DENIED** and Hendler's cross-motion to quash is **GRANTED**.

## II. BACKGROUND

On May 14, 2010, the parties entered into a stipulation of settlement, which was signed by this Court on May 18, 2010. (Stipulation of Settlement, Doc. No. 16.) The stipulation provided that Hendler would pay Brown $90,000 on or before May 17, 2010. (*Id.* at ¶ 1.) It further provided that if Hendler did not pay the required sum, Brown would be able to enter a default judgment against Hendler for $140,000. (*Id.* at ¶ 2.) Hendler failed to pay the settlement amount, and on June 11, 2010, this Court entered a default judgment for Brown in the amount of $140,000. (Doc. No. 19.) On August 23, 2010, Brown served Hendler at his residence in Woodstock, Vermont, with a subpoena ordering him to appear for a deposition relating to the default judgment. (Aff. in Supp. of Mot. to Hold Def. in Contempt ("Pl.'s Aff."), Ex. D.) The

deposition was to take place at Brown's attorney's office, in White Plains, New York, and was to be held on September 1, 2010. (*Id.*) Hendler failed to appear for the deposition, and Brown filed his contempt motion on November 5, 2010.

### III. DISCUSSION

#### A. The Motion to Quash and the Motion to Hold Hendler in Contempt

1. The Applicable Law and the Parties' Arguments

Subpoenas in federal cases are governed by Fed. R. Civ. P. 45. Section (b)(1) of that rule requires that the person served with the subpoena be provided with fees for one days attendance, as well as mileage costs. Section (b)(2) requires that a subpoena be served within the district of the issuing court or within 100 miles of the place specified for the deposition. Section (b)(3) requires quashing of a subpoena that fails to allow a reasonable time to comply or that requires a non-party to travel more than 100 miles to attend a deposition. Finally, section (e) allows courts to hold in contempt a person who has been served with a subpoena and failed to obey.

Hendler argues that the subpoena in this case was improperly issued under Fed. R. Civ. P. 45 because 1) it was served more than 100 miles from the place specified for the deposition; 2) it failed to afford Hendler reasonable time to comply; 3) no witness or travel fees were tendered to Hendler; and 4) Brown designated an improper venue for the deposition. Brown counters that Hendler's motion to quash is untimely, and that Hendler has previously consented to the jurisdiction of this Court and to the taking of depositions at Brown's attorney's office, such that he has waived any objections to service outside of the 100 mile limit or to the place of the deposition.

2. Timeliness of the Motion to Quash

In order to be timely, a motion to quash a subpoena generally must be filed before the

return date of the subpoena. *See United States v. International Business Machines Corp.*, 70 F.R.D. 700, 701 (S.D.N.Y. 1976); *Ireh v. Nassau University Medical Center*, No. CV 06-09(LDW)(AKT), 2008 WL 4283344 at *2 (E.D.N.Y. September 17, 2008). District courts, however, have broad discretion over the decision to quash or modify a subpoena, and a number of courts in this Circuit have "exercised their discretion to consider motions to quash that were not 'timely' filed within the meaning of Rule 45 and applicable case law." *Ireh*, 2008 WL at *3 (collecting cases). Because of the multiple defects present in Brown's subpoena, the Court will exercise its discretion to consider the motion to quash in this case.

3. Defects in the Subpoena

As noted above, Hendler identifies four defects in the subpoena: 1) it was served more than 100 miles from the place specified for the deposition; 2) it failed to afford Hendler reasonable time to comply; 3) no witness or travel fees were tendered to Hendler; and 4) Brown designated an improper venue for the deposition. Brown correctly asserts that courts in this Circuit have held that the "100 mile rule" does not apply to parties to litigation. *See, e.g., In re Methyl Tertiary Butyl Ether Products Liab. Litig.*, No. 04-cv-3417(SAS), 2009 WL 1840882 at *1 (S.D.N.Y. June 24, 2009). There are, however, no such restrictions on the rules requiring subpoenas to include a reasonable reply time and to be accompanied by fees and travel costs. *See* Fed. R. Civ. P. 45(b)(1),(3).

Brown's subpoena was served on August 23, 2010, and required Hendler to appear for the deposition on September 1, 2010, allowing Hendler nine days to comply. "Rule 45(c)(3)(A)(i) provides that 'the issuing court must quash' a subpoena that 'fails to allow a reasonable time to comply.' Although Rule 45 does not define 'reasonable time,' many courts have found fourteen days from the date of service as presumptively reasonable. *In re Rule 45 Subpoena*

3

*Issued to Cablevision Systems Corp. Regarding IP Address 69.120.35.31*, No. MISC 08-347(ARR)(MDG), 2010 WL 2219343 at *5 (E.D.N.Y. Feb. 5, 2010) (collecting cases). Federal courts have also found compliance times of eight and seven days not to be reasonable. *Memorial Hospice, Inc. v. Norris*, No. 2:08-CV-084-B-A, 2008 WL 4844758, at * 1 (N.D.Miss. Nov. 5, 2008); *United States v. Woods*, 931 F.Supp. 433, 442 n. 3 (E.D.Va.1996). In this case, given the distance that Hendler was required to travel to appear for the deposition and the lack of witness and travel fees tendered, the Court finds that nine days was not a reasonable time to comply with the subpoena.

Brown's failure to tender travel and witness fees also provides a basis for quashing the subpoena. The Ninth Circuit has held that "the plain meaning of Rule 45 . . . requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena," *CF & I Steel Corp. v. Mitsui & Co. (U.S.A.), Inc.*, 713 F.2d 494, 496 (9th Cir. 1983), and this ruling has been followed by courts in this District. *See, e.g.*, *Song v. Dreamtouch, Inc.*, No. 01 Civ. 0386(AGS), 2001 WL 487413 at *7 (S.D.N.Y. May 8,2001) ("Where no fee is tendered with the service of a subpoena requiring a witness' attendance, the service is invalid."); *Costamar Shipping Co., Ltd. v. Kim-Sail, Ltd.*, No. 95 Civ. 3349(KTD), 1995 WL 736907 at *2 (S.D.N.Y. Dec. 12, 1995) (same). Because of Brown's failure to provide witness and travel fees or a reasonable time to comply renders the subpoena invalid, and the Court does not need to reach the issue of whether Brown's attorney's office was an appropriate venue for the deposition. Brown's motion to hold Hendler in contempt is **DENIED** and Hendler's motion to quash the subpoena is **GRANTED**.

### B. The Motion for Sanctions

Although the subpoena was invalid, Hendler has shown no evidence of sanctionable

conduct on the part of Brown's attorney, John Bailly. Accordingly, the motion for sanctions is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Brown's motion to hold Hendler in contempt and Hendler's motion for sanctions are **DENIED** and Hendler's motion to quash Brown's subpoena is **GRANTED**.

SO ORDERED this 31st day of January 2011
New York, New York

_____
The Honorable Ronald L. Ellis
United States Magistrate Judge